Robert E. JONES, Plaintiff-Appellee,

v.

Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Defendant-Appellant.

No. 14433.

United States Court of Appeals Seventh Circuit.

May 5, 1964.

John W. Douglas, Asst. Atty. Gen., Frederick B. Abramson, Atty., U. S. Dept. of Justice, Richard P. Stein, U. S. Atty., Sherman L. Cohn, Atty., Dept. of Justice, Washington, D. C., for appellant.

Nelson G. Grills, Indianapolis, Ind., for appellee.

Before HASTINGS, Chief Judge, and CASTLE and SWYGERT, Circuit Judges.

CASTLE, Circuit Judge.

Plaintiff-appellee, Robert E. Jones, brought this action in the District Court to review the decision of the Secretary of Health, Education and Welfare that plaintiff was not entitled to disability insurance benefits under the Social Security Act which, in so far as here pertinent, provides in § 216(i) (1) [42 U.S. C.A. § 416(i) (1)] that:

"[T]he term 'disability' means (A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration, * * * "

The District Court on its review of the administrative record concluded that plaintiff had established his inability to engage in his immediately previous occupation—that of a foundry worker doing hard manual labor—by reason of a medically determinable physical impairment which could be expected to be of long continued and indefinite duration, and that the Secretary had failed to show that other kinds of substantial gainful employment for which the plaintiff is suited are available to the plaintiff. The court entered judgment setting aside the Secretary's decision and remanding the case with directions to find the plaintiff "disabled" within the meaning of the Act, and to provide him with such disability insurance benefits as he would have been entitled to had his initial application been approved. The Secretary appealed.

Plaintiff's application for benefits, filed August 17, 1960, was denied by the Secretary on a finding that the plaintiff had not established he had impairments, either singly or in combination, of such severity as to preclude him from engaging in any substantial gainful activity. Under the provisions of § 205(g) of the Act (42 U.S.C.A. § 405(g)) the findings of the Secretary as to any fact, if supported by substantial evidence, are conclusive. Brunenkant v. Celebrezze, 7 Cir., 310 F.2d 355, 356. Neither the District Court nor this Court is at liberty to make its own appraisal of the evidence. We may review the record only to determine whether it contained substantial evidence to support the Secretary's decision. Degner v. Celebrezze, 7 Cir., 317 F.2d 819, 821; Rosewall v. Folsom, 7 Cir., 239 F.2d 724, 728.

The record discloses that at the time of the hearing before the Department's examiner plaintiff was 52 years of age, was 5' 9" in height and weighed 160 pounds. He was ambulatory but walked with a slight limp. Although as a result of poliomyelitis suffered in early childhood plaintiff's left leg is about ¾" shorter and smaller than the right, with some atrophy of associated muscles, he played basketball and baseball as a young man. In his application plaintiff listed

his impairments as "leg and back". While there is no evidence of any specific back injury, and a conflict in the medical findings as to the existence of Paget's disease, plaintiff has but 50% of normal forward and lateral bending of the spine and less than 50% of backward bending, which appears quite painful, and it is difficult for him to stoop.

Plaintiff testified that in 1955 he left his job at a foundry, where he did heavy manual labor pouring molten iron, because the work became too heavy for him and his back bothered him. He testified to a varied previous work experience. In addition to his foundry work as an iron pourer he has worked as a railroad laborer, as a lift truck operator loading automobile parts, as a chauffeur, as a horse groom, and as a dishwasher. He still engages in such work as raking leaves, cutting grass, washing windows, shovelling snow, cleaning wallpaper, and general housecleaning. His daily activities include taking care of all his personal needs and he cooks his own meals. He believes he could do light work or janitor work—that while he could not do heavy foundry work any more he has tried to find other jobs. He is able to read, write, speak and comprehend. He learned to operate the lift truck merely by observing others. His application lists an eighth grade education but a report of a Department claims representative indicates completion of the 6th grade.

■ Plaintiff had the burden of establishing his inability to engage in any substantial gainful activity. Degner v. Celebrezze, supra. It is not enough to show that he has been unable to secure employment. Hicks v. Flemming, 5 Cir., 302 F.2d 470, 473. The record here does not present a situation where the claimant's former foundry employment is the only type of work for which his education, training and experience suit him but his physical impairments preclude him from doing. The record demonstrates plaintiff's continued ability to perform other types of work. His previous work experience and his demonstrated continued physical ability evidences his capacity to engage in substantial gainful employment in work at a similar educational level but which does not require heavy lifting or stooping. The Secretary did not have the burden of proving the availability of such employment opportunities.

■ There was substantial evidence to support the Secretary's findings. The judgment order of the District Court is reversed.

Reversed.