Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Appellant,

v.

Hubert C. KELLY, Appellee.

No. 21095.

United States Court of Appeals Fifth Circuit.

May 15, 1964.

Rehearing Denied July 17, 1964.

Alan S. Rosenthal and Martin Jacobs, Attys., Dept. of Justice, John W. Douglas, Asst. Atty. Gen., H. M. Ray, U. S. Atty., Dept. of Justice, Washington, D. C., for appellant.

Guy N. Rogers, Asst. Atty. Gen., State of Miss., Jackson, Miss., for appellee.

Before TUTTLE, Chief Judge, and POPE * and BROWN, Circuit Judges.

TUTTLE, Chief Judge.

The judgment of the trial court directing the Secretary of Health, Education and Welfare to find that the appellee "has established a period of disability within the meaning of Title 42 United States Code, Section 416(i), and is entitled to the payment of disability insurance benefits under the provisions of Title 42, United States Code, Section 423," must be reversed.

It is clear that in its analysis of the record made in the administrative proceedings before the Secretary as to the appellee's physical condition, the trial court rejected the evidence that would support the findings of the examiner and adopted evidence that supported the contentions of the appellee.

■ There was ample evidence to support the examiner's findings that the claimant "has remaining capacity for weight bearing, walking, standing, sitting, stooping, grasping, lifting, reaching and bending, as evidenced by the fact that he is fully ambulatory." It is also clear that there was ample evidence to support the findings by the examiner that "there is no apparent reason why the claimant could not return to his former occupation as a model maker as far as his physical condition is concerned," and further findings that there was a large number of fields of work open to the claimant "which are considered to be of a light or sedentary nature and which require a minimum of education and retraining."

The trial court seemed to find fault with the failure of the Secretary "to show that any of these occupations are in fact available to plaintiff in his community." In none of the cases arising under this act has this Court held that there must be a showing that there are jobs actually available in the town or community in which the claimant resides open to him, and which are within his determined physical capability to fill before there can be a denial of coverage under the act. Neither has this Court ever stated that proof of the hypothetical existence at a point far distant from the permanent residence of the claimant of a limited number of jobs within his physical capability requires the denial by the Secretary of coverage.

■ The duty of the administrator is to hear the evidence as to the physical capabilities of the claimant, to consider the nature and type of work for which he is still qualified, if any, and to determine whether the claimant's failure to obtain a job in one of these categories results from his physical condition rather than from any other cause. Celebrezze v. O'Brient, 5 Cir., 323 F.2d 989. He must determine whether there is a reasonable opportunity for the claimant to compete, in the manner normally pursued by persons genuinely seeking work, for a job within his determined capabilities. In making this decision he must, of course, consider the matter of reasonable availability of jobs within the geographical areas which the claimant would normally be expected to consider if regularly in the labor market. The administrator is required to make findings and conclusions, in which he takes all of these factors into consideration. When he does so, if there is evidentiary support in the record for his findings, they are to be given finality and are not to be reversed or modified by the Courts. We find nothing in the cases of Butler v. Flemming, 5 Cir., 288 F.2d 591, Hayes v. Celebrezze, 5 Cir., 311 F.2d 648, or Page v. Celebrezze, 5 Cir., 311 F.2d 757, strongly relied on by the trial court, that in any way conflicts with what we decide here.

We think the administrative record here fully supports the Secretary's determination. The trial court erred in overturning it.

The judgment must be reversed and the case remanded for the entry of a final judgment for the Secretary.

* Of the Ninth Circuit, sitting by designation.