**Luz M. DE GRACIA, Plaintiff,**

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE,**
**Defendant.**

**Civ. No. 453–64.**

United States District Court
D. Puerto Rico,
San Juan Division.

Jan. 5, 1966.

Jorge Luis Saurez, Bayamon, P. R., for plaintiff.

Gilberto Gierbolini, Asst. U. S. Atty., for defendant.

CANCIO, District Judge.

This is an action brought under Section 205(g) of Social Security Act, 42 U.S.C. A. 405(g), to review a final decision of the Secretary of Health, Education and Welfare holding that the plaintiff is not entitled to either a period of disability or to disability insurance benefits for which she filed application on 22 August 1962.

Plaintiff has met the requirements that the administrative remedies be exhausted. Decision became final when the Appeals Council denied plaintiff's request for review on 29 July 1964.

The only issue before the Court is whether or not the decision of the Secretary is supported by substantial evidence.

The facts of the case, as found by the trial examiner, are as follows:

(1) Claimant filed an application for disability insurance benefits and to establish a period of disability, under the provisions of Sections 216(i) and 223 of the Social Security Act, 42 U.S.C.A. 416(i) and 423.

(2) She alleged that as of 8 September 1961, she became unable to engage in substantial gainful activity due to a condition of thrombophlebitis.

(3) At the time of the alleged onset and at the time of her application, plaintiff met the special earnings requirements of the Act, and continued to meet such requirements through December 31, 1966.

(4) Claimant has an unusually *"extensive and brilliant* academic and professional record." (Tr. 87) "Here is an *erudite* and *extremely well trained professional* with her intellectual gifts in full flower; her ability to communicate and her intellectual functions such as reasoning, memory, and comprehension are obviously ample and remain unimpaired." (Tr. 18) Emphasis supplied.

(5) Plaintiff's occupation in the Public Welfare Division of the Commonwealth Government required that she do extensive travelling and spend a good deal of her time on her feet.

(6) She also had extensive responsibility as supervisor in this field of social work.

(7) In August 1961, Plaintiff was forced to abandon her employment due to sharp pains on the inside of her right thigh, radiating downward to the right leg and upward to the hip. There was a marked swelling from the hips down to her feet.

(8) From the onset of her illness, claimant has found herself limited in her daily activities and severly hindered in her professional work. Pain in her legs is continuous.

(9) Plaintiff was limited by her physician to light physical activity provided she wears elastic stockings continuously and has frequent rest periods with elevated legs in the morning and afternoon. He found that in view of the duration of this condition (one and a half years) and the fact that it has remained static for over six months, it is considered as a permanent limitation. (Tr. 85–87)

(10) On 21 May 1962, a pension for non-occupational incapacity was granted to her by the Retirement System of the Employees of the Commonwealth of Puerto Rico. The medical diagnosis in this case is that of postphlebitic syndrome in the right lower extremity with the possible involvement of the left one.

(11) From the record, the hearing examiner found that the medical evidence did not demonstrate that as of the times of issue and continuously thereafter the claimant suffered from an impairment or a combination of impairments of the severity contemplated by the Act. Nevertheless, he does not dispute impairment of claimant's lower extremities. Although he further found that "it is recognized that a severe condition of this type might interfere with standing or walking", he also found that "varicose veins which have not resulted in ulceration or other deleterious vascular changes would not ordinarily fatally restrict normal activity." He states that the claimant is in a position to engage in gainful employment, although he does not state what this employment might be, nor its availability, nor the opportunities open to the claimant. It is his opinion that claimant's intellectual abilities should be able to qualify her for some type of substantial gainful employment. (Tr. 83)

This Court does not have the power to try this kind of cases *de novo*. It is limited to a decision as to whether the findings of the Secretary are supported by substantial evidence. Rhoads v. Folsom (7th Cir., 1958), 252 F.2d 377. Nevertheless, the record as a whole, must be carefully examined in order to make a determination as to whether the conclusions reached in the administrative procedure are rationally supported by substantial evidence. Torres v. Celebrezze (First Cir., 1965), 349 F.2d 342; Rodriguez v. Celebrezze (First Cir., 1965), 349 F.2d 494; Riddle v. Celebrezze (D.C.S.C., 1964), 235 F.Supp. 657; Freeman v. Celebrezze (D.C.S.C., 1964), 236 F.Supp. 785; Randall v. Flemming (D.C.Mich., 1961), 192 F.Supp. 111; McMullen v. Celebrezze (9th Cir., 1964), 335 F.2d 811.

It has been consistently held that the term "substantial evidence" means more than a mere scintilla, but less than preponderance. It means such evidence as a reasonable mind might accept as adequate to support a conclusion. Consolidated Edison Co. of New York v. N. L. R. B., 305 U.S. 197, 59 S.Ct. 206, 83 L.Ed. 126.

The burden of proving a condition of disability within the terms of the Act is upon the plaintiff. Collier v. Celebrezze (D.C.Idaho 1965), 240 F.Supp. 274; Graham v. Celebrezze (D.C.W.Va., 1964), 230 F.Supp. 936; Spencer v. Celebrezze (D.C.N.C., 1963), 224 F.Supp. 296. This means that it rests with the plaintiff to show his inability to engage in substantial gainful activity. Jones v. Celebrezze (7th Cir., 1964), 331 F.2d 226.

It does not mean, though, that the plaintiff must eliminate every possibility of employment open to him. Ollis v. Ribicoff (D.C.N.C., 1962), 208 F.Supp. 644; Popovich v. Celebrezze (D.C.Pa., 1963), 220 F.Supp. 205; Mims v. Celebrezze (D.C.Colo., 1963), 217 F.Supp. 581.

■ The burden of proof has been sustained by a claimant when he has produced evidence that proves his physical disabilities, his education and experience, and his inability to engage in substantial gainful activity in the future. King v. Celebrezze (D.C.Ark., 1963), 223 F.Supp. 457; Chronister v. Celebrezze (D.C.Ark., 1963), 224 F.Supp. 121.

■ Four elements of proof are pertinent to a showing of disability: (1) Medical data; (2) expert medical opinion; (3) testimony as to claimant's subjective pain; and (4) claimant's age and vocational background. Dillon v. Celebrezze (4th Cir., 1965), 345 F.2d 753; Ditlow v. Celebrezze (D.C.Md., 1963), 214 F.Supp. 532; Lovingood v. Celebrezze (D.C.S.C., 1963), 218 F.Supp. 834.

The term "disability" is defined in the Act, § 223(c) (2) 42 U.S.C.A. § 423(c) (2), as "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration." This section of the law further states that "[a]n individual shall not be considered to be under a disability unless he furnishes such proof of the existence thereof as may be required."

■ In the interpretation of this term, it has been the consensus of the courts that the test of a claimant's ability to engage in substantial gainful employment is a subjective test. It depends on what is reasonably possible in the light of claimant's situation at that time. He need only establish that he has become disabled from employment in any work or vocation in which he could profitably seek employment in the light of his physical and mental capacities, and his education, training and experience. Collier

v. Celebrezze (D.C.Idaho 1965), 240 F. Supp. 274; Randall v. Flemming (D.C. Mich., 1961), 192 F.Supp. 111.

■ The plaintiff has met the burden required of her. Still the Secretary has found that plaintiff is not disabled from engaging in substantial gainful employment. We find that the record does not support this contention with substantial evidence.

■ Stringent as the statutory standard of disability seems to be, it is to be interpreted reasonably, bearing in mind that this is a statute remedial in nature and that the test of qualification must not be made overly severe. Hayes v. Celebrezze (5th Cir., 1963), 311 F.2d 648; Fowler v. Ribicoff (D.C.S.C., 1961), 197 F.Supp. 508; Peck v. Ribicoff (D.C. Va., 1961), 193 F.Supp. 450. This Section of the law should be liberally construed, interpreted, and administered to accomplish the humanitarian end for which it was enacted. Graham v. Celebrezze (D.C.W.Va., 1964), 230 F.Supp. 936. The intent of the Act is inclusion rather than exclusion. Delno v. Celebrezze (9th Cir., 1965), 347 F.2d 159.

■ In an application for social security disability benefits, *the hearing examiner must determine whether there is reasonable opportunity for the claimant to compete, in the manner normally pursued by persons genuinely engaged in seeking work.* He must take into consideration the determined capabilities and skill of the individual as well as the availability of employment in that field within the geographical area which claimant would normally be expected to consider. Celebrezze v. Kelly (5th Cir., 1964), 331 F.2d 981. Although the claimant does not have the burden of negativing every possible job opportunity, the administrative agency has only to produce some evidence from which a finding can be made that the claimant can do some type of work. Dvorak v. Celebrezze (10th Cir., 1965), 345 F.2d 894. But this evidence must be produced.

The medical findings determined from the evidence submitted indicate that the

petitioner is suffering from a condition of thrombophlebitis. This has been fully accepted by the Secretary. This condition has moved her physician to recommend light work, frequent rest periods, and that she maintain her legs in an elevated position. (Tr. 87.)

Petitioner's academic preparation enables her to perform social work. This requires continuous activity on the part of the person carrying it out, even if that person is functioning in a supervisory capacity.

We have noticed that at several points, the Secretary's Report mentions that petitioner has an "unusually extensive and brilliant academic record." An examination of the record shows that that "unusually, extensive and brilliant academic record" is limited to a teacher's certificate, a Bachelor of Arts degree, some post-graduate courses in social work, and some courses taken towards a Masters degree, which she never attained.

Although it is not controlling, some consideration must be given to the fact that petitioner is actually receiving compensation for non-occupational disability under the Puerto Rico laws. These laws are exceptionally stringent and the fact that a claimant has qualified under them is a good indicator that the disability does in fact exist. This, together with the Secretary's findings on the medical evidence submitted, the lack of evidence to the contrary and of availability of job opportunities for a person of claimant's limitations does not, in our opinion, sustain the Secretary's finding as to an absence of disability. Therefore, we conclude that the Secretary's finding is not based on substantial evidence. We are convinced that plaintiff has proven her disability, as that term is defined in the Act, and that the Secretary should have so found. In consequence, the decision of the Secretary in this case is hereby reversed and the case remanded to the Secretary with the direction that the plaintiff be granted such disability insurance benefits as she would have been entitled to, had her initial application been approved.