**Pedro Reyes ROBLES, Plaintiff,**

v.

**John W. GARDNER, Secretary of Health, Education and Welfare, Defendant.**

**Civ. No. 185–66.**

United States District Court
D. Puerto Rico.

Oct. 3, 1966.

Nachman & Feldstein, San Juan, P. R., for plaintiff.

Asst. U. S. Atty. Gilberto Gierbolini, San Juan, P. R., for defendant.

## MEMORANDUM OF DECISION

CANCIO, District Judge.

This action has been brought before the Court pursuant to section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), seeking review of a final decision of the Secretary of Health, Education and Welfare, denying Plaintiff's petition for a finding of a disability period

and disability insurance benefits, on the basis of his application filed December 15, 1964. The final decision of the Secretary, in this case, takes on the form of a decision of the Appeals Council, rendered on February 10, 1966, wherein Plaintiff's request for a review of a decision in his case, rendered by the Hearing Examiner on November 30, 1965, was denied.

Plaintiff is approximately thirty-one years of age. In the past, he has worked as a tomato-picker, an operator of an automatic dish-washer, and baler in a textile factory. The first two types of employment were done in New Jersey and the third in Manatí, Puerto Rico (Tr. 6–7). His education extends to the seventh grade in the grammar school of Puerto Rico (Tr. 5). He has no vocational rehabilitation nor has he been in the armed services (Tr. 5–6).

The medical evidence shows that sometime in the latter part of 1963, Plaintiff suffered an accident at work, injuring his left leg at the ankle. This injury seems to have healed well. As a child, he suffered burns on the left arm. As a result of these burns, his left arm shows residuals of the burns and is flexed with a ninety degrees contracture. He is unable to extend his arm beyond that. His wrist is fused in a neutral position and his fingers on the left hand are in flexion contracture. He has little function of extension and there is some question as to how well he is able to grasp. There is a screw visible on X-ray at the fusion site of the wrist (Tr. 52).

Plaintiff complains further that he would like to work but that he cannot find any employment (Tr. 26).

The Hearing Examiner, in view of the preceding summary of facts, came to the following conclusions:

1. That claimant is a 30-year old male, with a seventh-grade education, and the working history of a tomato-picker, steam-presser, dishwasher, and baler in a clothing factory. He is married and has three children, aged 6, 3, and 2 years, respectively.

2. That claimant suffers from an old traumatic deformity of the distal radius and ulna, ankylosis of the radiocarpal joints with removal of part of the carpus, the results of accidental burns sustained at age six, with atrophy of the muscles and some limitation of motion of the left hand.

3. That the foregoing impairments nor any combination of them do not constitute a disability within the meaning of the law; that none of such impairments nor any combination of them can be expected to result in death; that none of the aforesaid impairments, nor any combination of them was sufficient to render the claimant unable to engage in any substantial gainful activity for a period which has lasted or can be expected to last for a continuing period of 12 months or more.

4. That claimant was and is capable of performing the following jobs: Tomato-picker, Steam-presser, Dishwasher, Baler in a textile factory.

5. That claimant has met and will continue to meet the special earnings requirements for disability purposes at least through September 30, 1969.

The burden of proving a disability as defined in the act rests upon the Plaintiff. Jacobson v. Flemming, S.D.C.N.Y., 1960, 186 F.Supp. 936; Stoliaroff v. Ribicoff, D.C.N.D.N.Y., 1961, 198 F.Supp. 587; Spencer v. Celebrezze, D.C.N.C., 1963, 224 F.Supp. 296; Graham v. Celebrezze, D.C.W.Va., 1964, 230 F.Supp. 936; Collier v. Celebrezze, D.C. Idaho, 1965, 240 F.Supp. 274; De Gracia v. Secretary of Health, Education and Welfare, D.C.P.R., 1966, 248 F.Supp. 522. This means that it rests with the Plaintiff to show his inability to engage in gainful employment. Jones v. Celebrezze, 7 Cir., 1964, 331 F.2d 226. It does not mean that Plaintiff must rule out every possibility of employment open to him. Mims v. Celebrezze, D.C.Colo., 1963, 217 F.Supp. 581; De Gracia v. Secretary of Health, D.C.P.R., 1966, 248 F.Supp. 522.

■■ The burden of proving a claim of disability has been borne by a plaintiff when he has been able to produce evidence to the effect that he has a physical disability and has given evidence as to his education, his experience, and his inability to engage in substantial gainful employment in the future. King v. Celebrezze, D.C.Ark., 1963, 223 F.Supp. 457. In showing the disability, four elements are pertinent:

1. Medical data

2. Expert medical opinion

3. Testimony as to Plaintiff's subjective pain

4. Plaintiff's age and vocational background

Dillon v. Celebrezze, 4 Cir., 1965, 345 F.2d 753.

The term "disability" is defined in the statute as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration." 42 U.S.C.A. § 423(c) (2).

■ In interpreting this term, the Courts have agreed that the test of an individual's ability to engage in substantial gainful employment is a subjective test, which depends mainly on what is reasonably possible in the light of his condition at the time and, especially, of the availability of reasonable opportunities of employment in the locality which the individual inhabits. Celebrezze v. Kelly, 5 Cir., 1964, 331 F.2d 981; Dvorak v. Celebrezze, 10 Cir. 1965, 345 F.2d 894.

The medical evidence submitted shows that, at best, Plaintiff is almost totally disabled, as far as his left arm is concerned. The rest of the evidence shows that Plaintiff's education and experience fit him for the work of a common laborer. The proof shows further that Plaintiff has attempted to secure employment in the type of work that he had done previously in Manatí, Puerto Rico, and that he is now living there. It also shows that he has been unable to secure such employment.

The Secretary found that Plaintiff could still work at the previous jobs he had had. This is very fine; but, the Secretary does not examine the facts as to what the availability of employment of this type of work is in the community in which Plaintiff is now residing.

■ The Secretary must make determinations as to how the disability alleged affects this Plaintiff. Wimmer v. Celebrezze, 4 Cir., 1966, 355 F.2d 289; Dillon v. Celebrezze, 4 Cir., 1965, 345 F.2d 753; Thomas v. Celebrezze, 4 Cir., 1964, 331 F.2d 541; De Gracia v. Secretary of Health supra. He must then determine what type of work the individual can do in the face of his disability, as has been done here. Celebrezze v. Kelly, supra; Ray v. Celebrezze, 4 Cir. 1965, 340 F.2d 556; Hall v. Celebrezze, 4 Cir., 347 F.2d 937. Finally, the Secretary must make a determination as to the availability of such employment and, especially, of the opportunity a person would have in the conditions the Plaintiff is in. Wimmer v. Celebrezze, supra; Torres v. Celebrezze, 1 Cir., 1965, 349 F.2d 342; Massey v. Celebrezze, 6 Cir., 1965, 345 F.2d 146; De Gracia v. Secretary of Health, D.C.P.R., 1966, 248 F. Supp. 522.

■ In view of the foregoing, it is hereby ordered, adjudged and decreed, that this case be, and hereby is, remanded to the Secretary of Health, Education and Welfare, in order that he may make specific findings as to the availability and opportunity for employment of a person with the physical handicaps, education and experience of the Plaintiff.

It is so ordered.