**Willie JORDAN, Plaintiff-Appellant,**

v.

**John W. GARDNER, Secretary of Health, Education and Welfare of the United States, Defendant-Appellee.**

**No. 15762.**

United States Court of Appeals Seventh Circuit.

Nov. 14, 1966.

Harvey L. McCormick, Milwaukee, Wis., for appellant.

James B. Brennan, U. S. Atty., Robert J. Lerner, Asst. U. S. Atty., Milwaukee, Wis., for appellee.

Before SCHNACKENBERG, KILEY and FAIRCHILD, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

On November 20, 1963, Willie Jordan, plaintiff-appellant, filed an application for disability insurance benefits under Title II of the Social Security Act, as amended,[1] alleging that on April 19, 1963 he became unable to work at age 47 because of "conversion reaction arthritis of the spine ulcer".

The application was denied, but on reconsideration the hearing examiner considered the case *de novo*. He thereupon, on February 18, 1965, again found against plaintiff. This decision became the final decision of the Secretary of Health, Education and Welfare when the Appeals Council denied plaintiff's request for review. Plaintiff had review of this action in the district court, which granted judgment against plaintiff.

Both there and here, plaintiff relies on the written reports of three doctors, to which we now refer.

Dr. John D. Rhodes, a general practitioner, gave the following diagnosis:

"Degenerative arthritis of Lumbar Spine, Duodenal Ulcer, chronic constipation, Ples Planus, Pyreria & Albumenuria."

A report submitted by Dr. Owen E. Miller indicates that he gave the plaintiff a rather thorough examination, which included a detailed evaluation of his ability to bend and use his back and extremities. The X-rays obtained were interpreted as showing moderate osteoarthritic changes in the lumbar spine and narrowing of the lumbosacral interspace. Dr. Miller found that in the orthopedic area he was not able to state that the plaintiff's osteoarthritis of the spine would cause him disability to the extent that he would be unable to do "even fairly heavy work".

A report was also submitted by Dr. James J. McDuffie setting forth that he first examined the plaintiff in August 1964 and felt that the plaintiff was permanently and totally disabled at that time. However, when he again examined the plaintiff in January 1965, he clarified his opinion to the extent that he found that the plaintiff was permanently totally disabled only for occupation involving moderate to heavy lifting with bending and stooping.

The evidence in the record shows that plaintiff had been employed in a variety of jobs and, after his discharge from the army, he held odd jobs including work in a laundry, and then for five years he was grinding, chipping, and driving a fork-lift truck. For ten years his work was that of janitor, sweeper and clerk.

Henry M. Lenard, a qualified professional vocational consultant, who was given the opportunity to examine all exhibits and who was present during the hearing, testified that two publications of the United States Department of Labor[2] and various periodicals and newspapers showed local availability of specific jobs, which he enumeraated. Mr. Lenard, after assessing the plaintiff's prior vocational history and his educa-

---

1. 42 U.S.C.A. § 423.

2. Dictionary of Occupational Titles and Estimate of Worker Trait Requirements.

tional skills, specified various light and sedentary jobs which he felt were well within the plaintiff's current vocational abilities. He named such jobs as tool clerk or chaser and bag sealer, both of which were immediately available in the plaintiff's local vicinity and both of which were advertised currently in the local newspaper. Moreover, this witness pointed out that various jobs available to the plaintiff as a janitor were consistent with the work he had previously performed. The newspaper also listed current openings for janitors.

The hearing examiner found that plaintiff has not established that he has impairments of such severity as to preclude him from engaging in any substantial activity at any time. The correctness of this finding is established by the proof in the record that plaintiff was able to perform a wide variety of light or sedentary jobs in numerous fields, as described in detail by the vocational consultant.

The district court denied plaintiff's motion for summary judgment and granted such a motion when made on behalf of defendant. We affirm.

We hold that there is substantial evidence in the record to support the Secretary's final decision, and the judgment of the district court. The Secretary did not have the burden of getting a job for plaintiff. As we said in Jones v. Celebrezze, 7 Cir., 331 F.2d 226, 228 (1964):

" * * * The record demonstrates plaintiff's continued ability to perform other types of work. His previous work experience and his demonstrated continued physical ability evidences his capacity to engage in substantial gainful employment in work at a similar educational level but which does not require heavy lifting or stooping. The Secretary did not have the burden of proving the availability of such employment opportunites."

These reasons support our decision to affirm the judgment of the district court from which this appeal was taken by plaintiff.

Judgment affirmed.