Pedro **REYES ROBLES**, Plaintiff, Appellee,

v.

Robert H. **FINCH**, Secretary of Health, Education and Welfare, Defendant, Appellant.

No. 7211.

United States Court of Appeals
First Circuit.

March 25, 1969.

As Amended April 1, 1969.

Morton Hollander, Atty., Dept. of Justice, with whom Edwin L. Weisl, Jr., Asst. Atty. Gen., Carl Eardley, Acting Asst. Atty. Gen., William Kanter, Atty., Dept. of Justice and Francisco A. Gil, Jr., U. S. Atty., were on brief, for appellant.

Harvey B. Nachman, San Juan, P. R., with whom Nachman, Feldstein, Laffitte & Smith, San Juan, P. R., was on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

COFFIN, Circuit Judge.

This is an appeal by the Secretary of Health, Education and Welfare from a district court order refusing to grant his motion for summary judgment and granting claimant-appellee's motion for summary judgment awarding him "a period of disability and the corresponding disability benefits * * *." Robles v. Gardner, 287 F.Supp. 200, 207 (D.P.R. 1968). Appellee contends that he has been unable to work since 1964 because of an accident which aggravated a condition of his left arm and hand which had existed, following an operation some ten or twelve years ago.

The district court has twice considered this matter. In its first opinion the court, without specifically reversing the Secretary's finding that appellee was not disabled within the meaning of the statute, 42 U.S.C. § 423(d) (1) (A) (1969 Supp.), remanded the case to the Secretary "in order that he make specific findings as to the availability and opportunity for employment of a person with the physical handicaps, education and experience of the Plaintiff." Robles v. Gardner, 259 F.Supp. 78, 81 (D.P.R. 1966). Unable then to prosecute his appeal for want of appellate jurisdiction,

the Secretary on remand again found that appellee was not disabled, but, pursuant to court mandate, made vocational inquiries and found that employment opportunities existed for him in Puerto Rico. In its second opinion the district court refused to accept both findings. It concluded "that the plaintiff has a disability within the meaning of the statute", Robles v. Gardner, *supra*, 287 F. Supp. at 203, held that the hearing examiner's finding that several jobs were available to appellee in Puerto Rico was not supported by substantial evidence, and granted summary judgment for the claimant-appellee.

 The question posed to the district court by the cross motions for summary judgment was whether or not the Secretary's denial of disability was supported by substantial evidence. Rials v. Ribicoff, 207 F.Supp. 904, 905 (W.D. Ky.1962); *cf.* Ledbetter v. Celebrezze, 324 F.2d 735 (5th Cir. 1963). We deem ourselves compelled to reverse. The district court's concern for the injured individual who seeks disability is understandable. But courts are circumscribed both as to the reach of the Social Security statutes regarding disability and as to the scope of review of agency action. As to the protection afforded by these statutes, they are not an ancillary unemployment compensation device. And as to the scope of court review, "substantial evidence" is a stringent limitation. Applying this limitation we conclude that the district court erred both at the intermediate stage when, not disagreeing with the Secretary's finding as to appellee's

ability to work,[1] it elevated the vocational issue to the status of a threshold inquiry, and in its final holding that appellee "has a disability within the meaning of the statute". Robles v. Gardner, supra, 287 F.Supp. at 203.

 The burden rests on the claimant to establish that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment." 42 U.S.C. §§ 416(i) (1), 423(d) (1) (A) (1969 Supp.). See 42 U.S.C. § 423(d) (5) (1969 Supp.); 20 C.F.R. §§ 404.-1502(b), 404.1510(a); Walters v. Gardner, 397 F.2d 89 (6th Cir. 1968)). Only when a claimant shows that he is not able to return to his former work is there a necessity for an administrative showing of available work. Torres v. Celebrezze, 349 F.2d 342, 345 (1st Cir. 1965). See also May v. Gardner, 362 F.2d 616, 618 (6th Cir. 1966); Rodriguez v. Celebrezze, 349 F.2d 494, 496 (1st Cir. 1965); 42 U.S.C. § 423(d) (2) (1969 Supp.).

 In this case the state of the evidence as to appellee's ability to work is as follows. We note initially that appellee was unable to produce a report from the doctor who originally operated on his arm, that he failed to produce evidence of advice allegedly given him by a doctor in 1964 to stop working, and that he failed to produce any medical assessment of his left arm prior to 1964 to serve as a comparative basis. On the other hand, there was not only lay evidence of a continuing ability to work,[2] but also medical

---

1. Although the district court, in its first opinion, stated that "[t]he medical evidence submitted shows that, at best, Plaintiff is almost totally disabled, as far as his left arm is concerned", it then observed:
 "The Secretary found that Plaintiff could still work at the previous jobs he had had. This is very fine; but, the Secretary does not examine the facts as to what the availability of employment of this type of work is in the community in which Plaintiff is now residing." Robles v. Gardner, supra, 259 F.Supp. at 81.

We can only view the court's statements as indicating that the Secretary had not completed his inquiries rather than that the finding made lacked support of substantial evidence.

2. There was extensive evidence that claimant-appellee was capably using both hands on the job prior to late 1964. Both hands were used for his jobs as presser, dishwasher, picking and cooking tomatoes, driving a truck, bunching asparagus, picking tomatoes and peppers, pruning, typing, and stacking tomatoes. Employer responses to questionnaires re-

reports which, while admittedly not indicating that appellee had free use of his left arm, failed to reveal any recent deterioration.[3] Finally, the Secretary made credibility findings which had substantial record support.[4]

It is apparent from the district court's second opinion that it bottomed its finding regarding recent deterioration on the uncontradicted testimony of the appellee as aided by the report of Dr. Portalatin.[5] This assumes, however, that the Secretary was bound to accept as credible the almost entirely subjective testimony of appellee. While the Secretary could have accepted such testimony, he was not obliged to do so. Indeed if a claimant could, as a matter of law, overcome the effect of what would otherwise be substantial evidence of continued ability to work by his own testimony as to his condition, the Secretary would rarely if ever be justified in denying benefits.

So holding, we do not reach the issue of record support for the Secretary's finding, which remand required him to make, that appellee could find gainful employment.

Reversed and remanded to the District Court with the direction that summary judgment be entered for the Secretary.

---

vealed that none of the employers felt that the injured arm and hand interfered with claimant's work, that only one employer thought that the injured arm and hand interfered with claimant's work, that one employer did not even know that claimant's arm and hand were injured, and that his final employer in New Jersey reported that claimant never complained of his injuries and that he would have retained appellee in service if he had not voluntarily quit in November 1964 (some ten months after his accident).

In appellee's favor, he testified that he was unable to tie his shoes, drive a car (that he used to be able to drive), to shave, that he has no outdoor hobbies, that he does not help his wife at all with the household chores.

3. Dr. Lugo, an orthopedic surgeon, although observing that "[h]is left arm shows residuals of burns with flexion contracture at 90°, being unable to extend beyond that," that "[h]is wrist is fused in neutral position and his fingers are in flexion contracture," and that he had "little function of extension", also stated that "I suspect he grasps better than he pretends", that "[t]his man's impairment is solely on the basis of residuals of burns affecting his left arm", and that he is a "[y]oung individual in no acute distress." A radiologist reported "no evidence of osseous abnormality except for mild osteoporosis" and "old traumatic deformity of the distal radius and ulna." Dr. Weinstein, who treated appellee for an ankle injury in 1964, reported that he was discharged "with no apparent residual".

4. Dr. Portalatin reported atrophy of muscles and "impossibility of using left hand". Both the trial examiner and the Appeals Council discounted this report and described the doctor's examination as "cursory". It was within the Secretary's discretion to discount this testimony in view of the other medical testimony. Green v. Gardner, 391 F.2d 606 (5th Cir. 1968); Branham v. Gardner, 383 F.2d 614 (6th Cir. 1967); see also Rodriguez v. Celebrezze, 349 F.2d 494, 495 (1st Cir. 1965), and 20 C.F.R. §§ 404.1511, 404.1526.

The facts that appellee allegedly took no medication, slept 11–13 hours a night and failed to seek medical treatment are arguably inconsistent with his complaints of pain and lend credence to the Secretary's suspicions that he may have been exaggerating. Cf. Franklin v. Secretary of Health, Education and Welfare, 393 F.2d 640 (2d Cir. 1968). Moreover, he waited only 34 days to apply for benefits after leaving his New Jersey job. Although a doctor had allegedly advised him to stop working, he testified that he did seek work after 1964.

5. The district court observed:

"The plaintiff testified that prior to his 1964 accident he had utility of the hand and that evidence is uncontradicted in the record. Now he cannot dress himself, shave, nor tie his shoes. Although he used to drive a car, he can no longer do so. * * *

"Now, after the second hearing, it is apparent that the only evidence in the record is that there has been a deterioration of the left arm and that Mr. Reyes Robles can no longer perform the work he once did." Robles v. Gardner, supra, 287 F.Supp. 200, 203 (D.P.R.1968).