William A. KING, Plaintiff,

v.

Elliot RICHARDSON, Secretary of Health, Education and Welfare of the United States of America, Defendant.

Civ. No. 71–C–342.

United States District Court,
N. D. Oklahoma,
Civil Division.

May 25, 1972.

Ben G. Price, Tulsa, Okl., for plaintiff.

Nathan G. Graham, Robert P. Santee, Tulsa, Okl., John M. Stokes, Jasper C. Rowe, Dallas, Tex., for defendant.

## MEMORANDUM OPINION AND ORDER

DAUGHERTY, District Judge.

Plaintiff King (Claimant) seeks review by this Court of the Defendant's denial of disability benefits under 42 U.S.C.A. § 423 to which he claims he is entitled. Claimant's claim was initially denied by a Hearing Examiner, whose decision was affirmed by the Appeals Council. The basis of the Defendant's denial of Claimant's claim was that the evidence does not establish that Claimant was under a disability as defined by 42 U.S.C.A. § 423 and that he can engage in existing substantial gainful employment. Claimant's position is that such finding is not supported by substantial evidence.

█ The function of this Court is to review the evidence considered by the Hearing Examiner and determine if his decision is supported by substantial evidence. 42 U.S.C.A. § 405(g). Gardner v. Bishop, 362 F.2d 917 (Tenth Cir. 1966).

At the time of the hearing the Claimant was 51 years old. He was born and reared on a farm. He completed the fourth grade. He worked on a farm as a youth until he entered service during World War II. Upon discharge from the Army, the Plaintiff took three years of farm training. He farmed until 1956. In that same year, he commenced working for a company, which straightened and rechromed bumpers. His job was to straighten bumpers with a three pound sledge hammer.

Finally, this work became too strenuous because of his lung trouble. Since January 1970, the Claimant has worked keeping parts straight in the racks and picking up trash in the yard of the company, where he had been working.

Claimant's complaints are emphysema, bronchitis and chronic lung disease.

Dr. Maurice C. Fuquay in his letters of December 8, 1969 and December 16, 1969 stated that he had performed an open lung biopsy on the Claimant and the final pathology report substantiated the diagnosis of pulmonary fibrosis and pulmonary arteriosclerosis. He recommended further conservative treatment with expectorants, bronchodilators and an antibiotic to be used the first seven days of each month.

A report of the Veterans Administration Hospital, Muskogee, Oklahoma, which covers the period Claimant was hospitalized, February 12, 1970 to March 21, 1970, reported that breath sounds were quite rough on the right and more prolonged in the inspiratory phase. No rales were heard. The chest X-rays revealed some pleural thickening at the right dome of the diaphragm. He was seen by a doctor or doctors in the Medical Department who felt that Claimant did have bronchiectasis and bronchiolitis and suggested postural drainage which was instituted. The diagnosis was chronic obstructive pulmonary disease.

A report of the Veterans Administration Hospital, Muskogee, Oklahoma, covering Plaintiff's hospitalization of May 12, 1970 to May 26, 1970, reported that his chest was negative. The diagnosis was bronchitis, chronic. The report states that it is felt that Claimant is not able to return to any type of work.

In a letter dated September 23, 1970, Dr. Boyd O. Whitlock, a specialist in internal medicine, reports that the chest examination revealed some decreased breath sounds and dullness in the right base. There were scattered coarse moist breath sounds in both bases, particularly on the left and when Claimant was supine he had scattered expiratory wheezes which cleared partially with coughing. He was exercised by climbing one flight of stairs and did develop a mild dyspnea. The chest examination revealed the right diaphragm was sharply elevated and the costophrenic sinus on this side

was obliterated. The curvilinear superior margin of the density across the right costophrenic sinus had the X-ray appearance of pleural effusion, or thickened pleura. The lung fields were otherwise clear. It was Dr. Whitlock's impression that he had adhesive pleuritis, right diaphragm. The chest was otherwise negative. Pulmonary function studies were done and Claimant did have a slight decrease in his vital capacity with a more marked decrease in his maximum breathing capacity and with the use of bronchodilators he showed little improvement. Dr. Whitlock believes that Claimant does have chronic bronchitis and possibly some early emphysema. He feels that Claimant will not in the future be able to perform strenuous, heavy type work.

A report of the Veterans Administration Hospital, Muskogee, Oklahoma, covering Claimant's hospitalization, October 1, 1970 to November 5, 1970, gave a diagnoses of osteoarthritis of the right elbow and chronic bronchitis.

A report of the Hillcrest Medical Center, covering Claimant's hospitalization, March 10, 1971 to March 20, 1971, reports that examination of the chest reveals some decrease in breath sounds with slight prolongation of expiration. Pulmonary function studies revealed the maximal breathing parameters. The above data indicates the restriction with moderate obstruction. Compared with the tests of December 2, 1969, slight reduction was noted in all parameters with the exception of maximal breathing capacity which was excessively reduced. The discharge diagnoses were the recent onset of diabetes mellitus, degenerative and post traumatic arthritis of the right hand and elbow, moderately symptomatic and chronic lung disease, obstructive showing progression during the past two years.

In a letter of April 7, 1971, Dr. Henwood was of the opinion that the Claimant is permanently and totally disabled.

■ The Hearing Examiner found under the evidence that the Claimant was not "disabled" under the Act but also in effect found that he could not perform his previous work. These findings are supported by substantial evidence. The effect of such findings is that the Claimant has a "partial disability" which will permit him to do certain light work. But he cannot do his previous work and yet is not "disabled" within the meaning of the Act. The Hearing Examiner then found that the Claimant retained the physical capacity to engage in work activities such as light janitorial or porter work, or jobs such as a watchman or guard, flagman at a construction site, or highway building site, or even jobs such as parking lot attendant or a small products assembler (electrical, metal, plastic, ceramic or wood parts). An examination of the record discloses in this connection an absence of evidence as to the Claimant's physical capacity to do such light work [1] and also that such light work is in existence or reasonably available to the Claimant.[2]

■ In a "partial disability" case it is necessary that the Hearing Examiner have before him evidence from a competent source that the claimant by reason of age, education, work experience and physical capacity is in fact able to perform the light work enumerated by the Hearing Examiner. Gardner v. Earnest, 371 F.2d 606 (Fourth Cir. 1967); Edwards v. Celebrezze, 220 F.Supp. 79 (South Carolina 1963). Then, it is necessary that the Hearing Examiner have evidence before him that such light work as the claimant can perform is in fact in existence or reasonably available to him under the applicable tests.

1. Mr. Haskell G. Clark, vocational expert, testified that his conclusions concerning the substantial gainful work which the Claimant can perform are based upon Claimant's age, education and work experience, but not upon his physical capacity. (TR. 59).

2. The vocational expert testified as to the existence or reasonable availability to Claimant of work as a small products assembler, but not the existence or reasonable availability of the other work. (TR. 57).

The test of reasonable availability of jobs in the Tenth Circuit is " 'reasonable availability' of jobs within the geographical areas which the claimant would normally be expected to consider if regularly in the labor market." Gardner v. Brian, 369 F.2d 443 (Tenth Cir. 1966) quoting and citing Celebrezze v. Kelly, 331 F.2d 981 at 982 (Fifth Cir. 1964). This test is believed to have been slightly modified in 1968 by 42 U.S.C.A. § 423(d)(2)(A) which provides that such work must exist in significant numbers either in the region where claimant lives or in several regions of the country.

In these circumstances the case must be remanded for receipt of further evidence as to Claimant's capability to perform specific jobs different from his previous work and whether these jobs are in existence or reasonably available to him under the above tests.