Cornelius CONSTANCE
v.
SECRETARY OF HEALTH &
HUMAN SERVICES, ET AL ,

Civ. A. No. 76-3304-F

United States District Court
D. Massachusetts

March 9, 1981

---

[3]However, I have not reconsidered this issue in this memorandum since this aspect of my original decision was neither affected by United States v. Salvucci supra, nor addressed by the Court of Appeals in this case. Moreover, the government has not pointed to any new case law which alters my view.

Kenneth Neiman for the plaintiff.
Mary John Borfan, Betty E. Waxman (AAG) for the defendant.

## MEMORANDUM

**FREEDMAN, D.J.** This is an action under Section 1631(c)(3) of the Social Security Act, 42 U.S.C. §1383(c)(3), to review a final decision of the Secretary. The jurisdiction of this Court is found in Section 205(g) of the Social Security Act, 42 U.S.C. §405(g). The plaintiff also claims a cause of action under 42 U.S.C. §1983 against the Commissioner of the Massachusetts Department of Public Welfare. Jurisdiction over that claim rests on 28 U.S.C. §1343. The matter is presently before the Court on cross-motions for summary judgment.

### I. BACKGROUND

The gravamen of plaintiff's complaint is that, in calculating benefits, the Secretary has failed to take proper account of the presence of an essential person in the household. Resolution of this claim requires an analysis of the interrelation of several statutory provisions.

#### A. Statutory Schemes

Plaintiff has been determined to be dis-

abled since January of 1973. During 1973 he received benefits under Title XIV of the Social Security Act, Aid to the Permanently and Totally Disabled (APTD). 42 U.S.C. §§1351-1355 (repealed by P.L. 93-603 eff. Jan. 1, 1974). This program was administered by the Commonwealth of Massachusetts. Mass. Gen. Laws c. 118D (repealed Jan. 1, 1974). The benefits paid to plaintiff included an "essential person" allowance for his wife, Sydonia Constance. The essential person allowance is available where a person who is not eligible for benefits in his or her own right lives with and is considered essential to the welfare of someone who is eligible for benefits.

On January 1, 1974 the APTD program was replaced by Title XVI of the Social Security Act, Supplemental Security Income (SSI). 42 U.S.C. §§1381-1394. Plaintiff's APTD eligibility was converted into SSI eligibility at that time.

The SSI program differs from the old APTD program in several respects, most notably by transferring operational responsibility from the states to the Social Security Administration and by defining a minimum level of benefits. See, 42 U.S.C. §1382. Subsequent to enactment of Title XVI, but prior to its effective date, Congress separately addressed the treatment to be accorded individuals who were at the time of conversion receiving additional payments for support of an essential person. P.L. 93-66, §211 as amended P.L. 93-233, §§4(a)(2), (b)(3). Section 211 authorized the continuation of essential person benefits for individuals who received such benefits under APTD as of December 1973 (the final APTD grant before the effective date of SSI). Apart from this saving or "grandfather" provision, SSI does not provide for essential persons. Because Sydonia Constance had previously qualified for essential person status (under APTD), the plaintiff's benefits (under SSI) therefore included the statutory minimum benefits, 42 U.S.C. §1382, as well as essential person benefits, P.L. 93-66, §211 as amended. For purposes of the instant motions, there is no question of plaintiff's original eligibility for benefits from each source.

Plaintiff's unhappiness stems from the manner in which benefits under a correlative state program of SSI supplementation have been calculated. Again, there is no question of his rights to such benefits, but rather a dispute as to the amounts he is due in view of his receipt of essential person benefits.

Title XVI provides for two types of state supplementation of SSI — optional and mandatory. Under the optional program, the Social Security Administration excludes state payments to eligible individuals from the calculation of income, thereby permitting each state to provide its residents with benefits above the federal floor. 42 U.S.C. §1382e(a). The mandatory supplementation program was subsequently enacted to ensure that SSI benefits are at least as great as benefits previously received under APTD. P.L. 93-66, §212 as amended P.L. 93-233, §10. The Massachusetts supplementation program was created by Mass. Gen. Law, c. 118A, §1.

## B. Review Process

On May 9, 1975 plaintiff was notified that his SSI benefits would be reduced because he was also receiving Title II benefits and was therefore less needy. Plaintiff followed appropriate administrative remedies to contest this determination, and was afforded a hearing on July 7, 1975. The Hearing Examiner determined that plaintiff had in fact received excessive SSI benefits, in light of the fact that he had also received Title II benefits. Transcript at 14-32.

In the course of reaching his determination of overpayment, it appeared to the Hearing Examiner that, while plaintiff had been overpaid through SSI, he had in fact been underpaid through the Massachusetts optional supplementation program. Transcript at 22-25. The Massachusetts Agreement with the United States Department of Health, Education and Welfare, pursuant to 42 U.S.C. §1382e, does not set out a separate category for an eligible individual living with an essential person. See, Transcript at 177-213. The Hearing Examiner noted that in view of this omission, the

State-Federal Agreement was susceptible to at least two interpretations. "Either the amount of optional State supplemental benefits for an individual remains the same whether an essential person is present or not, or the total amount of State and Federal benefits remains constant." Transcript at 22.

In practical terms, the distinction translates into the following benefits for the representative month of January 1974, when plaintiff received a total of $214.90, the Massachusetts minimum benefit for an individual. St. 1973, c. 1210, § 35; see, Mass. Gen. Laws, c. 118A, § 1, note.

This total represents plaintiff's combined federal benefit of $210.00, to which Massachusetts has added $4.90 under the optional supplementation program. In other words, the latter interpretation propounded by the Hearing Examiner has been employed, and plaintiff's total federal and state benefits remain constant.

The Hearing Examiner felt, however, that reliance on a constant total method was misplaced under the facts of this case. Such a method resulted in plaintiff, a qualified individual living with an essential person, receiving no greater benefits than a qualified individual living alone. Recognizing that the state supplementation for a qualified individual living alone would be $74.90, the Hearing Examiner reasoned that the same benefit should be paid to a qualified individual in plaintiff's situation. With a constant level of state supplementation, plaintiff's benefits increase to $284.90, reflecting $210.00 in federal benefits and $74.90 in state supplemental benefits. Viewed in another way, the $284.90 total is reached by adding the federal individual benefit ($140.00) with the state optional supplement ($74.90) required to reach the state floor ($214.90), and then adding the essential person supplement ($70.00).

The Hearing Examiner was of the opinion that the constant state supplement method of calculation best comported with regulations where, as here, the Federal-State Agreement made no special provisions for an individual living with an essential person. Transcript at 23; see, 20 C.F.R. 416.2003(b).

Having determined that plaintiff's benefits had been improperly calculated using a constant total benefit amount ($214.90), the Hearing Examiner proceeded to recalculate those benefits using a constant level of optional state supplementation ($74.90). He concluded that while plaintiff had still been overpaid, the overpayment was lower than originally perceived. In consequence, the Hearing Examiner recommended that the matter be sent back to the District Office for consideration as to whether the Social Security Administration should seek to recoup the overpayments or should waive recovery efforts.[1]

The Appeals Council disagreed with the Hearing Examiner, and declined to accept his recommendation. Instead of finding the plaintiff eligible for optional state supplementation, the Appeals Council found the plaintiff eligible for slightly increased benefits under mandatory state supplementation.[2] No rationale is provided for this result. This action was filed in District Court to challenge the decision of the Appeals Council.

## II. ANALYSIS

This case presents no evidentiary issues, but rather turns solely upon questions of law. The Court is therefore not required to consider whether the final decision of the Secretary is supported by substantial evidence. Cf., 42 U.S.C. § 405(g); **Reyes Robles v. Finch,** 409 F.2d 84, 86 (1st Cir. 1969).

The appropriate standard of review here is whether the Secretary's finding is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706; see, **McInnis v. Weinberger,** 530 F.2d 55, 63 (1st Cir. 1976). In consequence, and even if the plaintiff's interpretation of the law is reasonable, the Court is

---

[1] Under the provisions of Section 1631(b) of the Social Security Act, 42 U.S.C. § 1383(b), the Secretary has broad authority to determine on an individual basis the treatment of overpayments.

[2] The Hearing Examiner found that mandatory supplementation was not at issue here, because plaintiff had received at least the same benefits after December 1973 as he had before January 1974.

cautioned that the Secretary's determinations should usually be affirmed under the rule of deference to agency construction in close cases. **Id.;** see also, **Udall v. Tallman,** 380 U.S. 1, 16 (1965).

Applying this standard to the instant case, I am nevertheless persuaded that the Secretary's final decision is unwarranted. The Congress acted in a straightforward manner to continue essential person benefits under APTD. P.L. 93-66, § 212 as amended by P.L. 93-233, § 4(a)(2), (b)(3). Plaintiff, as a qualified individual belonging to that limited group therefore became eligible for federal benefits from two sources.

The Secretary now argues that this situation was merely a bookkeeping device, and that plaintiff was not in fact entitled to any greater overall level of benefits in consequence. That reasoning flies in the face of the clear Congressional intent to provide greater benefits for a qualified individual living with an essential person than for an individual without an essential person. Plaintiff now receives the same benefits as any other qualified individual without an essential person, with the balance of essential person payments going to reduce the Massachusetts supplementation obligation.

Nothing in the underlying statutes or contained in the decision of the Appeals Council supports the result urged by the Secretary. The Hearing Examiner was clearly correct in his determination that plaintiff's state supplementary benefits had been miscalculated.

## III. CONCLUSION

The facts of this case in essence frame a very narrow question of law. The Court does not consider today any questions of basic eligibility for benefits, but rather limits itself to the issue of how those benefits should be calculated.

The Recommended Decision of the Hearing Examiner represents the proper result under controlling law. The result reached by the Appeals Council is contrary to clear Congressional intent. For that reason, the Court will deny the defendants' motions for summary judgment, and enter summary judgment for the plaintiff against the Secretary and the State defendant.

I note that both the Hearing Examiner and the Appeals Council reserved decision as to what further action, if any, should be taken with respect to the overpayment which plaintiff has received. Those issues are not presently before the Court, and I express no opinion as to their disposition. [1]

・Frank H. Freedman
**United States District Judge**