**JACKSON BUFF CORPORATION,**
Plaintiff,

v.

**Joseph P. MARCELLE and Henry L. Hoffman, Defendants.**

Civ. No. 13874.

United States District Court
E. D. New York.

March 1, 1957.

Sullivan & Cromwell, by John F. Dooling, Jr., New York City, for plaintiff.

Leonard P. Moore, U. S. Atty., Brooklyn, N. Y., by Warren M. Deutsch, Asst. U. S. Atty., New York City, for defendants.

RAYFIEL, District Judge.

The defendants, former Collectors of Internal Revenue, are sued herein for refunds of income taxes paid to them by the plaintiff for the following three periods: January 1, 1948 to December 28, 1948; December 28, 1948 to November 30, 1949; and December 1, 1949 to November 30, 1950. The plaintiff alleges that, although it conducts a manufacturing business, it is owned by a charitable organization, its income is used for charitable purposes, and it is therefore exempt from the payment of income taxes under Section 101 of the Internal Revenue Codes of 1936 and 1939, 26 U.S.C.A. § 101.

The plaintiff, pursuant to Rule 36 of the Federal Rules of Civil Procedure, 28 U.S.C.A., has served certain requests for admission upon the United States Attorney, who has brought on for hearing his objections thereto. He objects to *all* of the requests on two grounds: first, that since Rule 55(e) of the Federal Rules of Civil Procedure prohibits the entry of a judgment by default against the Government or any officer thereof, including a former Collector of Internal Revenue pursuant to Rule 81 (f), a judgment may not be entered against the defendants for their default in answering the requests; second, that the requests call for compounded admissions of fact and violate the purpose of Rule 36, supra, since, he argues, requests are not "specific, direct and single, so that they may be categorically admitted or denied." He also objects to twenty-three of the thirty-one requests on the ground that they call for admissions of facts not within the knowledge of the defendants.

■ I will deal with the first two contentions before taking up the requests seriatim. Concerning the first contention, if it were carried to its logical conclusion the Government could *never* be required to comply with requests for admissions, and could, with impunity, ignore them. I am quite certain that that was not contemplated by those who wrote the Rules. Rule 1 thereof provides that the Rules "shall be construed to secure the *just, speedy,* and *inexpensive* determination of every action (emphasis supplied). That the Rules apply to actions in which the Government is a party either as plaintiff or defendant is established beyond doubt.

As to Rule 36, Professor Moore, in his work on Federal Practice, 4th Edition, Vol. 4, Section 36.02, says, at page 2705 "The procedure for obtaining admissions provided in Rule 36 offers great possibilities toward facilitating the proof at the trial by weeding out facts and items of proof over which there is no dispute, but which are often difficult and expensive to prove." That is the purpose expressed in Rule 1, supra.

The defendants' argument is further answered by Professor Moore in his Federal Practice, supra, Vol. 6, Section 55.12, at page 1847, when he says, "Although the court may not enter a judgment by default against the United States for failure to make discovery, it may, nevertheless, impose other sanctions made appropriate by Rule 37 such as the entry of an order that designated facts shall be taken to be established against the United States and that it may not introduce evidence to controvert them. This does not amount to a judgment by default against the United States, although the effect of the order is to establish liability against the Government." The defendants' first contention is, therefore, rejected. The Government, as well as any other litigant, is bound to answer requests for admission, if proper in form and content.

■ As to defendants' second point, I agree that some of the requests for admissions are unnecessarily verbose and complex, but, instead of making a blanket objection to them on that score, the defendants should have admitted those facts and documents which are uncontroverted, and given the reasons for its refusal or inability to answer those which call for conclusions or are vague and indefinite, or about which they have no information.

The third objection is confined to requests numbered 1, 2, 4, 5, 7, 8, 9, 10, 11, 13, 14, 15, 16, 17, 18, 19, 20, 21, 27, 28, 29, 30 and 31, and is grounded on the fact that they request admissions respecting matters not within the knowledge of the defendants.

The defendants are directed to answer requests numbered 3, 6, 12, 22, 23, 24, 25 and 26. The following disposition is made as to the remaining requests.

No. 1. The defendants are directed to answer this request, but they need not admit or deny that it has not been modified or revoked since its execution.

No. 2. The resignation of R. Edward Lasator is attached to Exhibit "A", and should be admitted or denied, but the defendants are not required to state whether the Mercantile Safe Deposit & Trust Company is the sole surviving trustee.

No. 4. The information sought under this request is not within the knowledge of the defendants, and, accordingly, the defendants are not required to admit or deny it.

No. 5. This request refers to Exhibit "C", attached to the request for admissions, and the defendants are directed to admit or deny it.

No. 7. This information not being within the knowledge of the defendants, they are not required to admit or deny it.

No. 8. The information referred to in the first sentence of the request for

admissions is within the knowledge of the Treasury Department and the defendants are required to affirm or deny it. However, they will not be required to answer the remainder of the request since the information is probably not within their knowledge.

Nos. 9, 11, 17, 18, 27, 28, 29, 30 and 31. The information requested thereunder not being within the knowledge of the defendants, they are not required to admit or deny it.

No. 10. This request refers to Exhibit "E", and should be admitted or denied, except as to the modification or revocation thereof.

No. 13. The defendants are required to admit or deny that the documents referred to as Exhibits "G–1", "G–2" and "G–3" are true and complete copies of the agreements referred to in said request, but are not required to admit the conclusions or interpretations thereof stated in the request.

No. 14. The defendants are required only to admit or deny that the exhibits mentioned are true and complete copies of the agreements therein referred to.

Nos. 15 and 16. This request refers to certain exhibits which should be admitted or denied. Defendants, however, should not be required to admit or deny that there have been no modifications or revisions thereof.

No. 19. The defendants are required only to admit or deny that the exhibit is a true and complete copy of the document referred to therein.

No. 20. The defendants are required to admit or deny the by-laws referred to therein as an exhibit, but not the fact that there has been no modification or revocation thereof.

No. 21. The defendants are required only to admit or deny that the exhibit is a true and complete copy of the document therein referred to.

Settle order on notice.