Eliseo RODRIGUEZ, Plaintiff, Appellant,

v.

Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Defendant, Appellee.

No. 6467.

United States Court of Appeals First Circuit.

Aug. 2, 1965.

Harvey B. Nachman, San Juan, P. R., with whom Nachman & Feldstein, San Juan, P. R., was on brief, for appellant, by appointment by the Court.

Lawrence R. Schneider, Atty., Dept. of Justice, with whom John W. Douglas, Asst. Atty. Gen., Francisco A. Gil, Jr., U. S. Atty., and Morton Hollander, Atty., Dept. of Justice, were on brief, for appellee.

Before ALDRICH, Chief Judge, LUMBARD*, Chief Judge, and LEWIS*, Circuit Judge.

LEWIS, Circuit Judge.

By a final decision of the Secretary of Health, Education and Welfare, appellant's application to establish a period of disability and for disability benefits under the Social Security Act, 42 U.S.C. § 402 et seq. was denied after a full hearing. He then sought review of the administrative decision in an action filed pursuant to 42 U.S.C. § 405(g) in the United States District Court for the District of Puerto Rico. The cause was submitted to that court for summary disposition upon the administrative record and judgment was entered for the Secretary and the action dismissed. This appeal follows.

The standards and limitations of our appellate review are well established, Celebrezze v. Bolas, 8 Cir., 316 F.2d 498; Celebrezze v. Warren, 10 Cir., 339 F.2d 833, and in brief summary may be stated to be a determination of whether the administrative findings are adequate in law and premised upon substan-

* Sitting by designation.

**496**

tial record evidence. Issues of credibility and the drawing of permissible inference from evidentiary facts are the prime responsibility of the Secretary. Since the Secretary found that there were no medical reasons why appellant could not pursue his regular, or a similar, occupation, our inquiry dissolves to the single issue of whether substantial evidence supports the administrative determination that appellant was not disabled as that term is defined in the Act, 42 U.S.C. §§ 416(i) (1) (A) and 423(c) (2).

■ Appellant's usual occupation was that of diamond polisher, an essentially sedentary job requiring skill and experience. On May 15, 1962 he suffered an acute heart attack[1] which required hospitalization. He was discharged June 13 with the diagnosis of organic heart disease: (a) arteriosclerosis, (b) myocardial infarction, posterior, (c) sinus rhythm, (d) Class 11-B. Appellant testified that he attempted to return to his job on September 27 but was unable to do the work. He stated he was short-breathed, dizzy, and subject to continuing but sporadic pain of varying intensity in his chest and arm. His testimony was corroborated, at least in part, by that of two fellow workers. And the record clearly indicates that appellant's physical condition is accompanied by considerable subjective apprehension as to his future, especially his economic future. Since the Social Security Act is to be construed liberally to effectuate its general purpose of easing the insecurity of life, Page v. Celebrezze, 5 Cir., 311 F.2d 757, we could consider appellant's evidence, if accepted, sufficient to support his claim. However, such a result is not dictated for "These principles do not require that disability benefits must be awarded whenever there is a subjective showing that a man cannot work because he hurts. Subjective symptoms must be evaluated with due consideration for credibility, motivation, and medical evidence of impairment. Al-

though the claimant does not have the burden of negativing every possible job opportunity, the administrative agency has only to produce some evidence from which a finding can be made that the claimant can do some type of work. It does not have the duty of finding a specific employer and a specific job." Dvorak v. Celebrezze, 10 Cir., 345 F.2d 894, decided May 18, 1965.

Appellant was examined prior to the hearing by a radiologist and a specialist in internal medicine. The radiologist reported appellant's heart silhouette to be normal and there to be no pulmonary pathology. The internist gave appellant a complete physical examination and reported complete normalcy except: Arteriosclerotic heart disease, sinus rhythm, healed myocardial infarction, questionable angina pectoris, compensated Class 2B; anxiety; obesity; history of gout. The witness expressed the opinion that by taking increased dosage of coronary vasodilators, losing some weight, and receiving reassurance, appellant could work at his occupation. And although appellant had been examined and treated by other physicians none testified that the heart impairment was of such severity as to preclude continued work as a diamond polisher.

■■ Qualified medical opinion is not conclusive of the ultimate fact of disability but may premise a finding to such effect. Celebrezze v. Warren, supra. In the case at bar we consider such evidence, in combination with appellant's medical and work history, to be sufficient to justify the conclusion that appellant's heart condition "appears to be under conservative therapeutic control and does not seriously limit capacity for activity" as stated by the Trial Examiner.

The trial court correctly found that the administrative decision was supported by substantial evidence and the judgment is accordingly

Affirmed.

---

1. The attack occurred while appellant was mixing mortar and sand at home, an activity unrelated to his occupation. He had worked as a diamond polisher for eighteen years.