463 F.Supp. 759 (1979)
Jose SANTIAGO, Plaintiff,
v.
U. S. SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant.
Antonio ALAMEDA, Plaintiff,
v.
U. S. SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant.
Alfonso REYES-RODRIGUEZ, Plaintiff,
v.
SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant.
Civ. Nos. 77-828, 77-1852 and 76-497.
United States District Court, D. Puerto Rico.
January 18, 1979.
Luis Espada-Platet, Puerto Rico Legal Services, Inc., Caguas, P. R., for plaintiff in Civ. No. 77-828.
*760 Julio Morales Sanchez, U. S. Atty., San Juan, P. R., for defendant.
Feliciano Canino, Rio Piedras, P. R., for plaintiff in Civ. No. 77-1852.
Juan F. Doval, Legal Aid Clinic, San Juan, P. R., for plaintiff in Civ. No. 76-497.

ORDER
TORRUELLA, District Judge.
Despite this Court's clear and final orders to that effect, the Defendant in these three cases has not filed the required memoranda in support of its contentions, and has failed to inform the Court about the reasons, if any, for its noncompliance. Indeed, the delay in the resolution of these actions has been caused in no small part by Defendant's repeated requests for long extensions of time, which have been liberally granted by the Court.
The Court will not tolerate contumacious disregard of its orders by any litigant. The Social Security Act is a remedial statute to be broadly construed and liberally applied. Rodríguez v. Celebrezze, 349 F.2d 494 (C.A. 1, 1965). Undoubtedly, we would be obviating the rights of Plaintiffs to have an expeditious resolution of their requests for review if we were to condone Defendant's persistent nonfeasance.
We are mindful of the literal terms of Rule 55(e) of the F.R.Civ.P. We are also aware of the statutory requirements for an award of disability benefits. However, "the absence of a specific congressional provision does not bar the federal court's exercise of its remedial power when it finds that the Secretary has violated [policies behind] the statute." White v. Mathews, 559 F.2d 852, 860 (C.A. 2, 1977), cert. den. 435 U.S. 908, 98 S.Ct. 1458, 55 L.Ed.2d 500; see also, Caswell v. Califano, 583 F.2d 9 (C.A. 1, 1978).
After a careful evaluation of the various factors involved, in the interest of justice, it is hereby
ORDERED that the allegations in each of the three complaints in the cases at bar be, and the same are hereby taken as established; and it is further
ORDERED, that the denials in Defendant's answers be, and the same are hereby stricken; and it is further
ORDERED, that the Clerk of the Court is to enter Judgment granting the relief prayed for in each of the complaints; and it is further
ORDERED, that these cases be remanded to the Secretary for the computation and award of benefits. Cf. Kahn v. Secretary of H.E.W., 53 F.R.D. 241, 245 (D.C.Mass., 1971); Campbell v. Eastland, 307 F.2d 478 (C.A. 5, 1962), cert. den. 371 U.S. 955, 83 S.Ct. 502, 902 L.Ed.2d 502 (1963); see, Jackson Buff Corp. v. Marcelle, 20 F.R.D. 139, 140 (D.C.N.Y.1957).
IT IS SO ORDERED.