**Bryan J. CHAFE, Plaintiff**
**vs.**
**Patricia R. HARRIS, Secretary**
**of Health and Human Services**

**No. 80-1688-MA**

**United States District Court**
**Commonwealth of Massachusetts**

**September 16, 1981**

**Eugene D. Isaak, Esquire,** counsel for plaintiff

**Mary John Boylan AUSA,** counsel for defendant

## MEMORANDUM AND ORDER

**MAZZONE. D.J.** This is an action under section 205(g) of the Social Security Act (Act), as amended, 42 U.S.C. sec. 405(g), to review a "final" decision of the Secretary of Health and Human Services (Secretary) denying the plaintiff's application for disability insurance benefits and for a determination of a period of disability. The plaintiff filed his application on June 21, 1978, alleging an inability to work since January 25, 1978. The Social Security Administration denied his application and, on reconsideration, again denied the claim. A **de novo** hearing was held before an Administrative Law Judge (ALJ) who found on March 25, 1980 that the plaintiff was not under a disability, and, therefore, was not entitled to disability insurance benefits. This decision was affirmed by the Appeals Council on June 18, 1980, rendering it a final decision of the Secretary and subject to review by this Court. 42 U.S.C. sec. 405(g).

The sole issue for determination is whether there is substantial evidence in the record to support the Secretary's decision that the plaintiff failed to establish that he was under a disability within the meaning of the Act.

The plaintiff was born on November 17, 1945. He resides with his wife and two children at 29 Roosevelt Avenue, Danvers, Massachusetts. He is a high school graduate and completed a two-year evening course at IBM computer school. The plaintiff's work experience includes laborer, computer programmer, truck driver and, just prior to his accident, automobile mechanic.

On January 20, 1978 the plaintiff slipped on an icy ramp while working for the New England Telephone Co., injuring his back, right arm, right shoulder, left leg, and spine. Since the injury, the plaintiff has complained of back pain that prevents him from working. He takes daily medication and periodically wears a back brace and a sling. He no longer needs a shoulder brace. His daily routine includes cooking and doing dishes, an exercise routine, reading, some walking, and an afternoon nap of approximately 3-1/2 hours each day due to the pain. The pain also prevents him from sleeping regularly.

The plaintiff has been seen by a number of doctors. On March 6, 1978 Dr. Ronald Finn, while noting the plaintiff's complaints of pain, concluded "that he can do some light work" although the doctor recommended against "heavy lifting or tugging." Several days after Dr. Finn's examination the plaintiff reported acute back pain at work while moving stock. He was then examined on April 12, 1978 by Dr. Thompson who felt that "he should be able to get ready to return to work in a couple of weeks" if he was given a little more reassurance. Dr. Thompson also examined the plaintiff on May 24, June 28, August 30, and November 29, 1978. After each visit he concluded that the plaintiff was "able to do some sedentary work."

The plaintiff was also under the treatment of a chiropractor, Dr. D. W. Palombo, from January to June 1978. Dr. Palombo concluded that the plaintiff could get to work without difficulty, was able to lift 5-10 pounds and walk up to 200 yards. Further, he noted that the plaintiff was "relatively free from pain except when he over-exerts himself."

The plaintiff has undergone numerous medical tests. On September 6, 1978 Dr. Alan Swartz, a neurologist, concluded

from his tests of the plaintiff that "there are no objective neurologic findings that would be convincing for a neurologic diagnosis." Similarly, the neurological examination conducted by Dr. John Clapp in October, 1978 was "unremarkable." Dr. Clapp found the patient to be "limited to sedentary work." Finally, Dr. James Hewson's examination of the plaintiff's back and shoulder X-rays discovered no abnormalities. In fact, the doctor found "no absolute physiologic problem to explain the degree of pain he is having."

This Court must affirm the findings of the Secretary if they are supported by substantial evidence, 42 U.S.C. sec. 405(g). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." **Richardson v. Perales**, 402 U.S. 389, 401 (1971).

For the plaintiff to show he is disabled within the meaning of the Act, he must show not only that he is unable to perform **any** work that exists in significant numbers in his region or in several regions of the country. 42 U.S.C. sec. 423(d)(1)(A). The plaintiff must furnish evidence that his impairment is medically determinable. 42 U.S.C. sec. 423(d)(5); **Thompson v. Califano**, 556 F.2d 616, 618 (1st Cir. 1977).

The plaintiff bears the burden of persuasion to show that he is disabled under the Act. Here, he has met his initial burden of production by showing he is unable to return to his former job as an automobile mechanic. The Secretary must then produce evidence demonstrating the availability of the kind of work for which the plaintiff is qualified. **Reyes Robles v. Finch**, 409 F.2d 84, 86 (1st Cir. 1969); **Torres v. Celebrezze**, 349 F.2d 342, 345 (1st Cir. 1965). "Although the claimant does not have the burden of negativing every possible job opportunity, the administrative agency has only to produce some evidence from which a finding can be made that the claimant can do some types of work. It does not have the duty of finding a specific employer and a specific job." **Rodriguez v. Celebrezze**, 349 F.2d 494, 496 (1st Cir 1965) quoting **Dvorak v. Celebrezze**, 345 F.2d 894, 897 (10th Cir. 1965).

The record adequately demonstrates that the plaintiff cannot return to his former job as a mechanic. This Court must therefore decide whether the Secretary presented substantial evidence of the plaintiff's ability to perform other, lighter jobs. In this case, the central issue is whether there is substantial evidence in the record to indicate that the plaintiff can perform "sedentary" work.

The crux of the plaintiff's claim of inability to work is his pain. Pain is relevant to disability and must be adequately explored in the record. **Miranda v. Secretary of H.E.W.**, 514 F.2d 996, 1000 (1st Cir. 1975). At the same time, the plaintiff's testimony "must be evaluated with due consideration for credibility, motivation, and medical evidence of impairment." **Rodriguez v. Celebrezze**, 349 F.2d at 496.

The record is replete with indications of the plaintiff's pain. For example, Dr. Walter Levitsky noted the presence of upper and lower back pain in April of 1979. The plaintiff also detailed his back and shoulder pain to the ALJ when examined at his hearing. However, in light of the medical testimony that the plaintiff is capable of sedentary work and given the total absence of objective clinical findings to support the plaintiff's claim of disabling pain, there is ample support for the Secretary's determination that the plaintiff's pain was not so severe, nor his injury sufficiently grave, as to preclude substantial gainful employment of a sedentary nature. See also, **Thomas v. Secretary of H.H.S.**, No. 81-1156. (1st Cir., Sept. 14, 1981).

Accordingly, this Court concludes that there is substantial evidence in the record to support the Secretary's findings, and

her decision is affirmed.

SO ORDERED.

A. David Mazzone
United States District Judge

## JUDGMENT

MAZZONE, D.J. In accordance with the Court's memorandum and order entered this date in the above entitled action, affirming the decision of the Secretary, it is hereby ORDERED

Judgment for the defendant.

By the Court,
Helen M. Costello
Deputy Clerk