Maria MELENDEZ, Plaintiff,

v.

Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant.

Civ. A. No. 82–0163–C.

United States District Court, D. Massachusetts.

Nov. 17, 1982.

Richard K. Latimer, Kistin & Babitsky, Falmouth, Mass., for plaintiff.

Nancy A. Serventi, Asst. U.S. Atty., Boston, Mass., for defendant.

MEMORANDUM

CAFFREY, Chief Judge.

This is a civil action brought pursuant to 42 U.S.C. § 405(g) to review a final decision of the Secretary of Health and Human Services (Secretary). The Secretary approved an administrative law judge's (ALJ) decision denying Social Security benefits on the basis of a rule found in the Medical-Vocational Guidelines (Guidelines), 20 C.F.R. Part 404, Subpart P, App. 2, Rule 201.24. The rule requires a threshold finding of capacity for sustained sedentary work activity as defined in 20 C.F.R. § 404, 1567(a). The ALJ made the requisite finding that the claimant is capable of sedentary work activity and accordingly denied her benefits.

Plaintiff filed an application for a period of disability and for disability insurance benefits on July 8, 1980, and for Supplemental Security Income benefits based on disability on July 8, 1980, alleging an inability to work since June 23, 1979, at age 34. The applications were denied initially and on reconsideration by the Social Security Administration. The ALJ before whom plaintiff and her attorney appeared, considered the case de novo and on July 21, 1981 found that plaintiff was not under a disability. The Appeal's Council approved the ALJ's decision on November 19, 1981, rendering it the final decision of the Secretary, subject to judicial review. This case is now before the Court upon cross motions for summary judgment pursuant to Rule 56(a).

The standard for establishing disability under Title XVI of the Social Security Act (Act) is the same as under Title II of the Act. To establish entitlement and benefits, plaintiff has the burden of proving that she

has become disabled within the meaning of the Act. *Kirkland v. Weinberger,* 480 F.2d 46 (5th Cir.1973), *cert. denied,* 414 U.S. 913, 94 S.Ct. 255, 38 L.Ed.2d 155 (1973); *Reyes Robles v. Finch,* 409 F.2d 84 (1st Cir.1969). Plaintiff may be found to be disabled only if she is unable to perform any substantial gainful work because of a medical condition which can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §§ 416(i)(1), 423(d)(1) and 1382c(a)(3)(A). Her impairment must be so severe as to prevent her from working not only in her usual occupation, but in any other substantial gainful work considering her age, education, training and work experience. 42 U.S.C. §§ 423(d)(2)(A) and 1382c(a)(3)(B).

Review of the record reveals that plaintiff is a woman in her late 30's. At the time of the complaint she was 34. She weighs 200 pounds and completed 9th grade in Puerto Rico. She has previously worked at light to medium unskilled jobs occasionally lifting up to 50 pounds of weight. Plaintiff claimed that she stopped working on June 23, 1979, because of back pain. She underwent a disc operation in August, 1979, and since that time she has complained of lower back and right leg pain. She takes Indocin and Tylenol with Codeine medication. Plaintiff described limitations of functional capacity to the extent that she can only stand for 10 minutes, sit for a half hour, and walk for about 5 minutes.

It is to be noted that this is a so-called "pain case" in that plaintiff alleges pain severe enough to be disabling, coupled with a medically determinable impairment. In such a case the ALJ must determine the credibility of the plaintiff as well as the supporting medical evidence in determining whether plaintiff is disabled under the Act. *Duncan v. Harris,* 518 F.Supp. 751 (E.D. Ark.1980). It is established law that determinations of credibility are for the Secretary to make and are the Secretary's prime responsibility. *Rodriquez v. Celebrezze,* 349 F.2d 494, 496 (1st Cir.1965). Here, credibility findings were made and the issue is whether those findings were supported by substantial evidence.

The ALJ found that medical evidence established that plaintiff was affected by herniated lumbar disc, and that she underwent disc excision and a hemilamenectomy in August, 1979. The ALJ further found that while plaintiff experiences some discomfort, the evidence on record failed to demonstrate the existence of a condition involving severe disabling pain for the requisite twelve-month period. He further found that plaintiff's testimony was not entirely credible and accordingly gave it little weight. The ALJ concluded that although plaintiff is unable to perform her former work in light to medium exertional range, she has not been precluded from performing sedentary work, 20 C.F.R. §§ 404.1567(a) and 416.967(a), for the requisite durational period. He accordingly determined, in view of her capacity for sedentary work, along with her age, education, and work experience, that the guidelines direct a finding of "not disabled." 20 C.F.R. Subparts P and I, App. 2, Table No. 1, Rule 201.24.

In making this determination the ALJ considered the medical opinion of plaintiff's examining physician, Dr. Hilliar. Between June 23, 1979, the alleged date of onset of disabling pain, and June 23, 1980, twelve months later, plaintiff's condition improved. In August, 1979, she underwent disc surgery. By November, 1979, her condition had improved. In March, 1980, plaintiff was six months pregnant. She carried her pregnancy to full term and had a normal delivery. In May, 1980, she only experienced a little ache in her back. Since plaintiff still had some residual ache in her back and leg, the doctor planned to put her on a weight reduction program. Dr. Hilliar's reports and notes up to May, 1980, show that plaintiff had made significant improvement as of that time. The doctor noted that while plaintiff might be unable to return to manual work, she had the residual functional capacity to engage in more sedentary types of work activity.

The ALJ was careful to note that subsequent to the twelve-month period on which he based his determination, plaintiff com-

plained of more pain. In September, 1980, Dr. Hilliar's notes indicate back pain of an arthritic nature. April, 1981, notes by the doctor express an opinion that plaintiff was temporarily totally disabled. Considering all factors the ALJ concluded that Dr. Hilliar's assessment was based upon the subjective complaints of the claimant, unsupported by the clinical medical evidence. The ALJ accordingly chose to disregard Dr. Hilliar's opinion in favor of the medical evidence plus plaintiff's credibility at the hearing. Based on these factors, he found that the evidence failed to establish a severe impairment lasting for twelve continuous months or more, which precluded the claimant from engaging in at least sedentary work activity.

■ I rule that this Court should affirm the Secretary. It is well established in this circuit that the ALJ is entitled to weigh plaintiff's subjective complaints along with the objective evidence and medical evaluations and to make an independent judgment regarding plaintiff's physical limitations and capabilities. *Thompson v. Califano,* 556 F.2d 616 (1st Cir.1977). While the final decision of the Secretary is conclusive only if supported by substantial evidence, it was within the discretion of the ALJ to conclude that plaintiff's pain and limitation was not of disabling severity based on the credibility of plaintiff's subjective testimony. *Id.*

The ALJ had the opportunity to observe plaintiff at the hearing and noted that she answered questions alertly and coherently; she did not seem affected by a disabling pain; she exhibited no manifestations of any severe pain or weakness such as muscle atrophy or weight loss. Plaintiff asserts that the ALJ did not have sufficient time to observe her symptoms properly and that he accordingly should have adopted Dr. Hilliar's conflicting opinion of her condition. That is simply not the case. The Secretary is charged with the duty to weigh the evidence, to resolve material conflicts in the testimony and to determine the case accordingly. *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). It should be emphasized, too, that there is no

continuous twelve-month period in the record during which plaintiff has been termed totally disabled. Her condition waxes and wanes. While there is uncontroverted testimony that plaintiff will not be able to resume her previous job, after review of the above-mentioned factors, and after taking notice of the Guidelines, 20 C.F.R. Part 404, Subpart P, App. 2, I rule that the ALJ properly concluded that plaintiff's condition does not preclude her from accepting future employment of a sedentary nature and, therefore, that plaintiff is not disabled within the meaning of the Act.

Accordingly, I rule that the Secretary's decision is supported in the record by substantial evidence and should be affirmed.