**Doris DIAS, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**Civ. A. No. 81–2488–MC.**

United States District Court,
D. Massachusetts.

Aug. 21, 1984.

Kistin & Babitsky, Richard K. Latimer, Falmouth, Mass., for plaintiff.

Richard E. Welch III, Asst. U.S. Atty., Boston, Mass., for defendant.

MEMORANDUM AND ORDER

McNAUGHT, District Judge.

This action is brought pursuant to the Social Security Act, 42 U.S.C. § 405(g) to review a final decision of the Secretary of Health and Human Services denying plaintiff's claim for Social Security widow benefits. The plaintiff, Doris Dias, claims that the Secretary's decision was not supported by substantial evidence, and that the decision was based on material errors of law. The defendant seeks an order affirming the decision.

On March 14, 1980 the plaintiff filed an application for supplemental Security Income Benefits, alleging total disability on the basis of severe hypertensive cardiovascular disease. It was denied May 6, 1980.

The plaintiff then sought review before an Administrative Law Judge (A.L.J.) on December 17, 1980 (trial was continued until April 29, 1981). The A.L.J. found the plaintiff not to be disabled as defined in Section 223(d) of the Social Security Act. This decision was approved by the Appeals Council on July 17, 1981.

In reviewing a case of this type, the central issue before the Court is limited to a determination of whether the Secretary's denial of benefits is justified in the existing record. *See* 42 U.S.C. § 405(g) and (h), whether the decision is supported by substantial evidence and conforms with the statutory requirements. *Geoffroy v. Secretary, HHS,* 663 F.2d 315, 319 (1 Cir. 1981); *Lizotte v. Secretary, HHS,* 654 F.2d 127, 128 (1 Cir.1981); *Miranda v. Secretary, HEW,* 514 F.2d 996, 998 (1 Cir.1975).

The plaintiff is a fifty-two year old woman who lives alone in a rented apartment in Wareham, Massachusetts. She has a sixth grade education and has worked only on a part-time basis in recent years, but has had no sustained employment for the past twenty-five years.

The claimant is the widow of Manuel Dias, Social Security number 187–01–5150, the wage earner, who died fully insured on November 19, 1971. Mrs. Dias claims that she is disabled due to blindness in her right eye, hypertension and dizziness.

At the hearing, the plaintiff testified that she takes aspirin and is required to rest at least twice daily. She depicts her typical day as taking care of her personal needs, watching television, and occasionally going shopping with her daughter.

■ Before the plaintiff may be found to be entitled to receive payments of widows insurance benefits she must first prove (1) that she is disabled within the meaning of the Act, *Reyes Robles v. Finch,* 409 F.2d 84 (1 Cir.1969) (Evidence of a physical impairment is not enough to warrant a finding of disability; the claimant must also be precluded from engaging in any substantial gainful activity by reason of such impairment.) *See also* 42 U.S.C. § 423(d) disability is defined as

" ... the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or can be expected to last for a continuous period of not less than 12 months";

and (2) such disability must have begun before the end of a period commencing with the month in which the husband died and end with the month before the month such widow attains age 60, or, if earlier, with the close of the 84th month following the month with which such period begun. *See* 202(e), Social Security Act.

■ It is undisputed that all of the examining physicians have found that Mrs. Dias is suffering from a number of physical impairments. The crucial question is whether these impairments are sufficiently severe to preclude the plaintiff from engaging in any substantial gainful activity. The A.L.J. found not.

The impairment of the right eye is well established. It is the result of glaucoma and/or cataracts, and has little or no vision. The left eye is also shown affected, however, visual acuity is only minimally reduced (20/40).

Dr. Rodney Larcom, the medical advisor and a Board-certified internist, testified that his review of her record showed her principal impairment to be hypertensive cardiovascular disease, however, he was of the opinion that the claimant's condition had changed little in the past four to five years. He found a lack of sufficient severity to meet or equal the listings of impairments. Tr. p. 12.

Drs. Roderick Turner and Kevin O'Brien, both Board-certified specialists in orthopedic surgery and internal medicine, after reviewing the plaintiff's record, were of the opinion that there was no significant restrictions to perform basic work-related functions despite evidence of hypertension and binocular vision.

Also, there is evidence in the transcript that the claimant has a long history of hypertension which ranges from moderate to severe, and evidence that her blood pressure had come down to normal on a strict regiment of a careful low-salt diet and conscientious effort in taking medication.

The only opinion differing from that of majority is that of Dr. Howard, a Board-certified internist, who concluded that because of the multiple medications that Mrs. Dias is required to take and because of the risk of increasing her hypertensive condition, that the plaintiff is essentially disabled from gainful employment.

However, the Court of Appeals has held " . . . (that) the resolution of conflicts in the evidence and the determination of the ultimate question of disability is for [the Secretary], not for the doctors or for the courts." *Rodriguez v. Secretary, HHS,* 647 F.2d 218, 222 (1 Cir.1981).

Moreover, based on the claimant's ability to work on a part-time basis in recent years, medical evidence tending to show that her condition has not worsened in recent years and that the plaintiff has been careless in taking medication, the A.L.J. found that the claimant was not disabled. I also find substantial evidence to support this finding.

42 U.S.C. § 405(g) requires that factual findings of the Secretary be upheld if supported by substantial evidence. *Reyes Robles v. Finch, supra.*

Accordingly, the Secretary's findings must be affirmed.