**Laureen M. DELSIE, Plaintiff,**

v.

**Donna E. SHALALA, Secretary of Health and Human Services, Defendant.**

Civ. A. No. 92–40194–GN.

United States District Court,
D. Massachusetts.

Jan. 24, 1994.

Sandra L. Mayes, Legal Assistance Corp. of Central Massachusetts, Fitchburg, MA, for plaintiff.

Charlene A. Stawicki, U.S. Attorney's Office, Boston, MA, for defendant.

## MEMORANDUM AND ORDER

GORTON, District Judge.

Pending before this Court is a review of the final decision reached by the Secretary of Health and Human Services ("Secretary") under the Social Security Act, as amended, 42 U.S.C. § 405(g).

On October 29, 1990, Laureen M. Delsie filed an application for disability insurance benefits and supplemental security income claiming she has been unable to work since October 1988 due to a combination of medical problems. These problems include chronic post-surgery back and leg pain secondary to degenerative disc disease, chronic sinusitis and possible temporomandibular joint (TMJ) syndrome. Plaintiff's applications were denied initially and after reconsideration by the Social Security Administration ("SSA").

The Administrative Law Judge ("ALJ") considered the matter *de novo,* and on March 24, 1992, found that plaintiff was not under any disability. On October 7, 1992, the Appeals Council denied the request for review, rendering the decision of the ALJ the final decision of the Secretary of Health and Human Services. Plaintiff subsequently filed this motion to review the Secretary's decision.

## I. FACTS

Plaintiff was 48 years old at the time of the ALJ decision, had previous work experience as a school cafeteria worker and housekeeper. Plaintiff claims that she ceased working in October of 1988 due to sciatic nerve damage in her right lower back and right leg. She also testified that she has left leg, bilateral arm and face pain and numbness, an inner ear condition, poor equilibrium, sinus

problems and temporomandibular joint ("TMJ") syndrome.

In February or March 1986, plaintiff claims to have injured her back lifting 40 pounds of frozen hamburger while working in a cafeteria. From 1986 to 1989, Ms. Delsie reported back, leg and neck pain to various physicians, including Drs. Fager and Toomey. She was evaluated at Burbank Hospital, Lahey Clinic and Leominister Hospital for her complaints.

The SSA sent Ms. Delsie to Dr. Muspratt on January 10, 1991 for a consultative examination. Dr. Muspratt reported that Ms. Delsie walked with a slight limp. His assessment of the patient was sciatica L5, S1 radiculopathy status post laminectomy, with persistent pain and sensory deficit (mild).

The plaintiff claims that she continued to undertake tasks of daily living, including housework, marketing, shoveling snow and driving. She drives only short distances due to pain and takes propoxyphene, if necessary. When in severe pain, plaintiff walks around for a few minutes and then sits for a while with her foot elevated. Ms. Delsie testified that she could alternate sitting and standing three to four hours a day and that she could perform work while seated, subject to a need to alter her position at will and to elevate her leg.

On January 23, 1991 and April 9, 1991, after a review of the medical evidence, non-examining physicians, Drs. Radovsky and Derechin, rendered assessments of the plaintiff's residual physical functional capacity. Both physicians agreed that the plaintiff could sit for about six hours in an eight hour day and do unlimited pushing and pulling, including operation of hand and foot controls, subject to some lifting and carrying restrictions. Both physicians noted there was no evidence of manipulative, visual, communicative or environmental restrictions.

Ms. Delsie has also been reported to suffer from anxiety and other symptoms of mental impairment. Reports of both the Lahey Clinic and Dr. Toomey note anxiety. Plaintiff testified that she feels uncomfortable around several people at one time and noted that stress causes nervousness and irritability. The Administration sought a psychological evaluation but Ms. Delsie refused. There is no evaluation of the plaintiff's mental status in the record and there is no evidence illustrating diagnosis of or treatment for emotional complaints.

## II. LEGAL ANALYSIS

Plaintiff contends that the decision of the ALJ is not supported by substantial evidence and was an improper application of the law. Specifically, she claims that the discrediting of her complaints of pain by the ALJ was unsupported by substantial evidence in the record. Furthermore, Ms. Delsie asserts that due to the existence of non-exertional impairments, the ALJ improperly relied on the Medical Vocational Guidelines found at Appendix 2, Subpart P (the "grid"). Finally, plaintiff alleges that the ALJ erred in dismissing the issue of her mental impairment without obtaining a psychiatric review. This Court finds the plaintiff's factual contentions unpersuasive and disagrees with her legal arguments.

Review of the Secretary's final decision is limited as mandated by 42 U.S.C., § 405(g). Factual findings by the Secretary must be affirmed if they are supported by substantial evidence. *Id.; Lizotte v. Secretary of Health and Human Services*, 654 F.2d 127, 128–130 (1st Cir.1981); *Reyes Robles v. Finch*, 409 F.2d 84, 86 (1st Cir.1969). This Court defers to the ALJ's determinations concerning the credibility of witnesses and conflicts in evidence relating to plaintiff's disability. *Lizotte*, 654 F.2d at 128–130. Although the record may arguably support more than one conclusion, the Secretary's decision must be upheld, "if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support (her) conclusion." *Ortiz v. Secretary of Health and Human Services*, 955 F.2d 765, 769 (1st Cir.1991) (quoting *Rodriguez v. Secretary of Health and Human Services*, 647 F.2d 218, 222 (1st Cir.1981)); *see also Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

Resolution of credibility issues and conflicts in the evidence are for the Secretary, not the courts. *Ortiz*, 955 F.2d at 769;

*Evangelista v. Secretary of Health and Human Services,* 826 F.2d 136, 141 (1st Cir. 1987). Where facts permit diverse inferences, the Secretary will be affirmed so long as the inferences drawn are supported by the evidence. *Rodriguez Pagan v. Secretary of Health and Human Services,* 819 F.2d 1, 3 (1st Cir.1987), *cert. denied,* 484 U.S. 1012, 108 S.Ct. 713, 98 L.Ed.2d 663 (1988); *Lizotte* 654 F.2d at 128.

■ To establish entitlement to benefits, a plaintiff has the burden of proving that he has become disabled within the meaning of the Social Security Act. *Bowen v. Yuckert,* 482 U.S. 137, 146–47 n. 5, 107 S.Ct. 2287, 2293–94 n. 5, 96 L.Ed.2d 119 (1987); *Deblois v. Secretary of Health & Human Services,* 686 F.2d 76, 79 (1st Cir.1982). The Social Security Act defines disability in §§ 216(i)(1), 223(d)(1) and 1614(a)(3)(A) (42 U.S.C. §§ 416(i)(1), 423(d)(1) and 1382c(a)(3)(A)), as the inability:

> to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than twelve months.

■ Sections 223(d) and 1614(a) of the Act (42 U.S.C. §§ 423(d) and 1382c(a)), further provide, in pertinent part, that an individual:

> shall be determined to be under a disability only if his physical or mental impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

A "physical or mental impairment" is defined as:

> an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

Under section 223(d)(5) of the Act (42 U.S.C. § 423(d)(5)):

> An individual shall not be considered under a disability unless he furnishes such medical and other evidence thereof as the Secretary may require.

Thus, evidence of an impairment is not enough to warrant an award of disability insurance benefits. The plaintiff must also be precluded from engaging in any substantial, gainful activity by reason of such impairment. *McDonald v. Secretary of Health & Human Services,* 795 F.2d 1118, 1120 (1st Cir.1986).

■ In the case at bar, although the evidence shows that plaintiff had chronic post-surgery back and leg pain, secondary to degenerative disc disease and recurrent sinusitis with possible TMJ syndrome, there is substantial evidence in the record to support the ALJ's finding that the conditions singly or in combination did not meet or equal the criteria of the listing of impairments at 20 C.F.R., Part 404 Subpart P, Appendix 1, § 1.05 C; 20 C.F.R. §§ 416.925 and 416.926. After evaluating all of the evidence presented, the ALJ determined that plaintiff had a residual functional capacity for sedentary work as defined by 20 C.F.R. § 416.967. This definition includes work generally performed while seated which requires lifting no more than ten pounds at a time and occasionally lifting or carrying articles like docket files, ledgers and small tools.

The ALJ determined that plaintiff's ability for sedentary work was not eroded by her non-exertional limitations. This determination took into account characteristics such as age and education using the medical vocational guidelines established at 20 C.F.R., Part 404, Subpart P, Appendix 2. Rule 201.08 of such guidelines yielded a conclusion of "not disabled". Therefore, the plaintiff cannot be found to lack the ability to be gainfully employed and cannot be considered disabled as defined by the Social Security Act.

The medical records indicate that the plaintiff did not have the "anatomical, physiological, or psychological abnormalities" to qualify for disability benefits. The ALJ evaluated the evidence, including Ms. Delsie's

averments of various conditions including, rheumatoid arthritis, an emotional condition, sinusitis, TMJ, disc disorder and lower back and leg pain to determine plaintiff's residual capacity. The record contained no diagnoses of either rheumatoid arthritis or a mental disorder. Although plaintiff had been treated for sinusitis, there was no evidence that the condition limited her functional capacity.

■ With respect to plaintiff's complaints of vertebrogenic status and related pain, the ALJ considered the record in light of *Avery v. Secretary of Health and Human Services,* 797 F.2d 19 (1st Cir.1986). Pursuant to *Avery,* the ALJ assesses the credibility of the complaints, considering:

"1) the nature, location, onset, duration, frequency, radiation and intensity of pain;

2) precipitating and aggravating factors (e.g., movement, activity, environmental conditions);

3) type, dosage, effectiveness and adverse side effects of any pain medication;

4) treatment, other than medication, for relief of pain;

5) functional restrictions; and

6) the claimant's daily activities."

*Avery,* 797 F.2d at 28–29. The ALJ found plaintiff's complaints not credible to the extent alleged.

Ms. Delsie's allegations of disabling pain were undermined by her admissions that she could undertake sustained sedentary activity such as embroidery and could undertake daily living activities such as housework, marketing, driving and shoveling snow. In addition, the record failed to show that plaintiff required more than symptomatic treatment. In fact, evidence showed that she pursued only sporadic treatment for her symptomatic complaints.

Ms. Delsie's multiple complaints on their own cannot render her disabled under the definition in the Social Security Act. "A claimant's statement as to his pain shall not alone be conclusive evidence of disability." *Avery,* 797 F.2d at 20. Rather, there must be:

medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment ... which could reasonably be expected to produce the pain or other symptoms alleged....

42 U.S.C. § 423(d)(5).

The First Circuit Court of Appeals has held that a disability is established only if the medical findings,

when considered with all the evidence ... (including statements of the individual or his physician as to the intensity or persistence of such pain ... which may reasonably be accepted as consistent with the medical signs and findings), would lead to a conclusion that the individual is under a disability.

*Avery,* 797 F.2d at 21.

The ALJ examined these inconsistencies and determined that plaintiff's condition does not meet the requirements for disability according to its statutory definition. The ALJ determined that the plaintiff's complaints did not rise to the level of disability and that the plaintiff was able to handle sedentary work. Even though Drs. Toomey and Fager noted that the plaintiff's right leg pain was "disabling", the facts permit diverse inferences and the Secretary will be affirmed so long as the Secretary's inferences are supported by the evidence. *Rodriguez Pagan,* 819 F.2d at 3; *Lizotte,* 654 F.2d at 128. The majority of the medical evidence permits an inference that the plaintiff is neither disabled nor unable to perform any type of gainful employment. Therefore, the Secretary's decision denying the plaintiff disability benefits will be affirmed.

### ORDER

For the foregoing reasons, this Court finds that the ALJ's determination that plaintiff is not disabled within the meaning of the Social Security Act was not an error of law and was consistent with the substantial evidence and relevant legal standards. Accordingly, the decision of the ALJ is AFFIRMED.

So Ordered.